IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| NECA-IBEW WELFARE TRUST FUND and, ) <br> NECA-IBEW PENSION TRUST FUND, ) <br>    ) <br> Plaintiffs, ) <br>    ) <br> vs. ) <br>    ) <br> PAYNE ELECTRICAL CONTRACTORS, INC., ) <br>    ) <br> Defendant. ) | No. |

## COMPLAINT

NOW COME Plaintiffs, NECA-IBEW WELFARE TRUST FUND and NECA-IBEW PENSION TRUST FUND, by and through its attorneys, Cavanagh & O'Hara, complaining of the Defendant, PAYNE ELECTRICAL CONTRACTORS, INC., and allege as follows:

1. This action arises under the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1145.

2. The Plaintiffs, NECA-IBEW WELFARE TRUST FUND and NECA-IBEW PENSION TRUST FUND, are employee benefit plans administered pursuant to the terms and provisions of the Agreements and Declarations of Trust creating said Funds and are required to be maintained and administered in accordance with the provisions of the Labor Management Relations Act of 1947, and the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 et seq.  The address and place of business of the Plaintiffs is NECA-IBEW WELFARE and PENSION TRUST FUNDS, 2120 Hubbard Avenue, Decatur, Illinois 62526-2871.

3. That the Defendant is an Employer engaged in an industry within the meaning of ERISA, 29 U.S.C. § 102 (5), (11), (12) and (14). Defendant employs bargaining unit individuals

who are members of and represented by Local Union 193 of the International Brotherhood of Electrical Workers, and said individuals are participants in Plaintiffs' employee benefit fund, pursuant to a Letter of Assent. A copy of the Letter of Assent is attached hereto and incorporated herein as **Exhibit A**.

4. The Defendant's address is Hartford City, Indiana 47348.

5. Pursuant to ERISA, 29 U.S..C. §1145, the Defendant is required to make contributions to the Plaintiff Funds in accordance with the terms and conditions of the Funds' Agreements and Declarations of Trust. Said Agreements and Declarations of Trust, in pertinent part, are attached hereto and incorporated herein as **Exhibits B and C**.

6. Defendant has failed and refused to submit contribution reporting forms and applicable contributions to the Plaintiffs for the period from January through August 2007 to the Pension Fund and for the period from May through August 2007 to the Welfare Fund.

7. That Plaintiffs have made demands upon the Defendant for the contributions and reporting forms and applicable contributions, but Defendant has refused to satisfy said demands. A copy of the demands are attached hereto and incorporated herein as **Exhibit D**.

8. That pursuant to ERISA, 29 U.S.C. §1132(g)(2), and the Agreements and Declarations of Trust, the Defendant is liable for reasonable attorney fees and for all reasonable costs incurred in the collection process, including, but not limited to, court fees and audit fees. Attached hereto and incorporated herein as **Exhibit E** is the Affidavit of John A. Wolters in support of his request for attorney fees in the amount of $968.42 incurred in the prosecution of this matter.

WHEREFORE, Plaintiffs pray as follows:

A. That Defendant be ordered to remit to Plaintiffs contribution reporting forms and applicable contributions for the period from January through August 2007 to the Pension Fund and

for the period from May through August 2007 to the Welfare Fund;

      B.      That Defendant be decreed to pay the Plaintiffs its reasonable attorney fees in the amount of $968.42 as provided by ERISA, 29 U.S.C. §1132(g)(2), and Plaintiffs' Agreements and Declarations of Trust;

      C.      That Defendant be decreed to pay all costs attendant to the costs of these proceedings;

      D.      That Plaintiffs be awarded such other and further relief as the Court deems just and equitable, all at Defendant's cost.

      NECA-IBEW WELFARE TRUST FUND and NECA-IBEW PENSION TRUST FUND, Plaintiffs,

By:    s/ John A. Wolters
      JOHN A. WOLTERS
      **CAVANAGH & O'HARA**
      407 East Adams
      P. O. Box 5043
      Springfield, IL  62705
      Telephone:  (217) 544-1771
      Facsimile:  (217) 544-5236
      johnwolters@cavanagh-ohara.com

F:\files\NECA-IBE\DELIQ\Payne Electrical Contractors\2007\Complaint.crf.wpd

≈JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
NECA-IBEW WELFARE TRUST FUND and NECA-IBEW PENSION TRUST FUND,

### DEFENDANTS
PAYNE ELECTRICAL CONTRACTORS, INC.,

**(b)** County of Residence of First Listed Plaintiff: **Macon**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Blackford**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Cavanagh & O'Hara    (217) 544-1771
407 East Adams Street, Springfield, IL 62701

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | **Habeas Corpus:** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 540 Mandamus & Other | | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 555 Prison Condition | | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
E.R.I.S.A., 29 U.S.C. Sec. 1145
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** Undetermined
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE: September 27, 2007
SIGNATURE OF ATTORNEY OF RECORD: s/ John A. Wolters

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

E-FILED
Friday, 28 September, 2007 11:30:38 AM
Clerk, U.S. District Court, ILCD

# LETTER OF ASSENT

In signing this letter of assent, the undersigned firm does hereby authorize¹ __MUNCIE-RICHMOND DIVISION__

__CENTRAL INDIANA NECA__ as its collective bargaining representative for all matters contained in or pertaining to the current and any subsequent approved² __INSIDE__ labor agreement between the

¹ __MUNCIE-RICHMOND DIVISION, CENTRAL INDIANA NECA__ and Local Union³ __855__, IBEW.

In doing so, the undersigned firm agrees to comply with, and be bound by, all of the provisions contained in said current and subsequent approved labor agreements. This authorization, in compliance with the current approved labor agreement, shall become effective on the⁴ __23__ day of __FEBRUARY__, __2001__. It shall remain in effect until terminated by the undersigned employer giving written notice to the

¹ __MUNCIE-RICHMOND DIVISION, CENTRAL INDIANA NECA__ and to the Local Union at least one hundred fifty (150) days prior to the then current anniversary date of the applicable approved labor agreement.

The Employer agrees that if a majority of its employees authorize the Local Union to represent them in collective bargaining, the Employer will recognize the Local Union as the NLRA Section 9(a) collective bargaining agent for all employees performing electrical construction work within the jurisdiction of the Local Union on all present and future jobsites.

In accordance with Orders issued by the United States District Court for the District of Maryland on October 10, 1980, in Civil Action HM-77-1302, if the undersigned employer is not a member of the National Electrical Contractors Association, this letter of assent shall not bind the parties to any provision in the above-mentioned agreement requiring payment into the National Electrical Industry Fund, unless the above Orders of Court shall be stayed, reversed on appeal, or otherwise nullified.

SUBJECT TO THE APPROVAL OF THE INTERNATIONAL PRESIDENT, IBEW

⁵ __PAYNE ELECTRICAL CONTRACTORS, INC.__
Name of Firm

__6194 N. 100 E.__
Street Address/P.O. Box Number

__HARTFORD CITY, IN 47348__
City, State (Abbr.) Zip Code

⁶ Federal Employer Identification No.: __35-2090362__

**APPROVED INTERNATIONAL OFFICE - I.B.E.W. MAR 6 2001**
Edwin D. Hill, President
This approval does not make the International a party to this agreement

SIGNED FOR THE EMPLOYER
BY⁷ _Signature Redacted-PJR_
(original signature)
NAME⁸ __AMY M PAYNE__
TITLE/DATE __PRESIDENT - 2/23/01__

SIGNED FOR THE UNION³ __855__ IBEW
BY⁷ _Signature Redacted-PJR_
(original signature)
NAME⁸ __TROY L. SMITH__
TITLE/DATE __BUSINESS MANAGER  2/23/2001__

INSTRUCTIONS (All items must be completed in order for assent to be processed)

¹ NAME OF CHAPTER OR ASSOCIATION
Insert full name of NECA Chapter or Contractors Association involved.
² TYPE OF AGREEMENT
Insert type of agreement. Example: Inside, Outside Utility, Outside Commercial, Outside Telephone, Residential, Motor Shop, Sign, Tree Trimming, etc. The Local Union must obtain a separate assent to each agreement the employer is assenting to.
³ LOCAL UNION
Insert Local Union Number.
⁴ EFFECTIVE DATE
Insert date that the assent for this employer becomes effective. Do not use agreement date unless that is to be the effective date of this Assent.

⁵ EMPLOYER'S NAME & ADDRESS
Print or type Company name & address.

⁶ FEDERAL EMPLOYER IDENTIFICATION NO.
Insert the identification number which must appear on all forms filed by the employer with the Internal Revenue Service.

⁷ SIGNATURES
⁸ SIGNER'S NAME
Print or type the name of the person signing the Letter of Assent. International Office copy must contain actual signatures-not reproduced-of a Company representative as well as a Local Union officer.

A MINIMUM OF FIVE COPIES OF THE JOINT SIGNED ASSENTS MUST BE SENT TO THE INTERNATIONAL OFFICE FOR PROCESSING. AFTER APPROVAL, THE INTERNATIONAL OFFICE WILL RETAIN ONE COPY FOR OUR FILES, FORWARD ONE COPY TO THE IBEW DISTRICT VICE PRESIDENT AND RETURN THREE COPIES TO THE LOCAL UNION OFFICE. THE LOCAL UNION SHALL RETAIN ONE COPY FOR THEIR FILES AND PROVIDE ONE COPY TO THE SIGNATORY EMPLOYER AND ONE COPY TO THE LOCAL NECA CHAPTER.
IMPORTANT: These forms are printed on special paper and no carbon paper is required for duplicate copies. Remove from the pad enough copies of the form for a complete set and complete the form.

IBEW FORM 302 REV. 6/94



EXHIBIT A

AGREEMENT AND DECLARATION OF TRUST  5/22/87
OF
NECA-IBEW WELFARE TRUST FUND

WHEREAS, an Agreement and Declaration of Trust was entered into the 21st day of November, 1955, by and between the DECATUR DIVISION, the SPRINGFIELD DIVISION, the PEORIA DIVISION, the CHAMPAIGN DIVISION and the DANVILLE DIVISION of the ILLINOIS CHAPTER of the NATIONAL ELECTRICAL CONTRACTORS ASSOCIATION: DECATUR LOCAL 146, SPRINGFIELD LOCAL 193, PEORIA LOCAL 34, CHAMPAIGN LOCAL 601, and DANVILLE LOCAL 538, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS; and WARREN DECATUR, GEORGE CAST, JR., HARRISON F. BLADES, A. C. KOHLI, MELVIN WILLIAMS, FLOYD SNYDER AND WILLIAM AHLENIUS, who with their successors designated in the manner herein provided are hereinafter called the "Trustees".

WHEREAS, the original Agreement has been amended from time to time; and

WHEREAS, the Trustees desire that said Agreement and Declaration of Trust be amended and restated;

NOW, THEREFORE, by virtue of the authority vested in them by Article XVII of the Agreement and Declaration of Trust of the NECA-IBEW WELFARE TRUST FUND the Trustees hereby amend the Agreement and Declaration of Trust effective _____ and, as amended, restate it as follows:

ARTICLE I

NAME OF THE TRUST

The Trust maintained hereunder shall be known as the NECA-IBEW WELFARE TRUST FUND and the business and affairs of the Trust shall be conducted in that name, and the Welfare Fund may sue or be sued in that name.

ARTICLE II

DEFINITIONS

Section 1.   The term "Association" shall mean any Association of Electrical Contractors and/or Chapter of the National Electrical Contractors Association, Inc., who becomes party to or bound by this Agreement.


EXHIBIT B

Section 4. Contributions by Participating Employers to the Trust Fund shall be paid monthly, on or before the 15th day of the month following the month for which they are due. Contributions shall be paid by check, draft or money order, drawn to the order of the Trust, and shall be mailed, together with duplicate statements as hereinafter provided, to the Fund Office.

Section 5. Statements accompanying monthly contributions shall be made on a form furnished by the Trustees, and shall contain such information as the Trustees may deem reasonable and necessary to compute the amount of the contribution due from each Participating Employer and the eligibility of employees for benefits.

Section 6. If any Participating Employer fails to make the required contribution on or before the day it is due, the Trustees then may:

(a) Apply any surplus monies in the Trust Fund for the account of said Participating Employer, without prejudice to the right of the Trustees to collect the payment in default, plus the cost and expense of said collection; or

(b) Receive payment of the amount in default from a third party and subrogate their rights to collect the payment in default, plus the cost and expense of said collection to said third party; or

(c) Institute, prosecute or intervene in such judicial proceedings as may be necessary or desirable to accomplish the collection of the contributions of a defaulting Participating Employer.

ARTICLE V

COLLECTION OF EMPLOYER CONTRIBUTIONS

Section 1. The Trustees shall have the power to demand, collect and receive Employer Contributions from any contributing Employer on the actual number of hours for which each Employee has worked, and shall hold such monies for the purposes specified in Article III of this Agreement and Declaration of Trust.

8.

Section 2. Any authorized representative of the Trustees shall have the right at all reasonable times during business hours to enter upon the premises of any Employer and to audit, examine and copy such books, records, papers and reports of the Employer as may be necessary to determine the number of employees, hours of work performed, place of performance and other information pertinent to a determination of the proper amount of such Employer's contribution to the Trust Fund.

Each Employer shall make these books, records, papers and reports available to any authorized representative of the Trustees for such purposes. In the event that the Trustees utilize legal counsel to aid them in securing compliance by any Employer with the provisions of this Article, such Employer shall be liable for all costs incurred, including, but not limited to, reasonable attorneys' fees, even though no legal proceedings are actually initiated, and court costs.

In the event the audit discloses that any Employer during the period of the audit, has underpaid its contributions the Employer shall be liable for the costs of the examination. The Trustees shall have the authority, however, to waive all or part of such costs for good cause shown.

Section 3. It is recognized and acknowledged by all parties including the Participating Employers, that the regular and prompt payment of contributions is essential to the maintenance of an employee benefit plan and that it would be extremely difficult, if not impracticable, to fix the actual expense and damage to the plan which would result from the failure of an individual Employer to pay the required contributions within the time provided. Therefore, if any individual Employer is delinquent, i.e. shall fail to pay the required contribution by the due date, such Employer shall be additionally liable for liquidated damages in the aggregate sum of:

    (a) $50.00 per month on each monthly report and/or contributions that are not received by the 15th of the month up to a maximum of $500.00; and

    (b) twice the prime interest rate on the amount of each month's delinquent contributions, compounded monthly.

In the event the Trustees place the account in the hands of legal counsel for collection, the delinquent Employer shall be liable for reasonable attorneys' fees, and

9.

for all reasonable costs incurred in the collection process, including, but not limited to, court fees and audit fees. The Trustees shall have the authority, however, to waive all or part of the liquidated damages, interest, attorneys' fees, or collections costs, for good cause shown.

## ARTICLE VI

### GENERAL POWERS AND DUTIES OF THE TRUSTEES

The Trustees shall have and are hereby given, in addition to those granted by law, or granted elsewhere in this instrument the complete right, title, control and supervision of the Trust Fund and Trust Estate and in connection therewith are given the power to:

Section 1.   Invest and reinvest such funds as in their sole judgment are not required to defray the current expenses of the Trust Fund;

Section 2.   Deposit uninvested funds forming part of the Trust Estate in such depositories as they may from time to time select such funds shall be deposited in federally insured accounts, except to the extent that the Trustees otherwise deem necessary or desirable;

Section 3.   Sell, exchange, lease, convey, or dispose of any property, real or personal, at any time forming part of the Trust Estate upon such terms and conditions as they deem proper and to execute and deliver any and all documents required in connection therewith;

Section 4.   Exercise options, conversion privileges, or rights to subscribe for additional securities and to make payment therefor;

Section 5.   Consent to, or participate in dissolutions, reorganizations, consolidations, mergers, sales, leases, mortgages, transfers or other changes affecting securities or investments held by them and in connection therewith to pay any assessment, subscription or other charges;

Section 6.   Enter into any and all contracts and agreements including, but not limited to Reciprocal Agreements with other employee benefit welfare plans which are in their opinion necessary or desirable to carry out the purposes of the Trust;

* * * * * * * * * * * * * * * * *

TRUST

AGREEMENT

* * * * * * * * * * * * * * * * *

Adopted March 14, 1972
As Amended
February 19, 1981

NECA-IBEW PENSION TRUST FUND

**EXHIBIT C**

SECTION 2. EFFECTIVE DATE OF CONTRIBUTIONS. All contributions shall be made effective as required by the aforementioned Agreement, and shall continue to be paid as long as the Employer is obligated under said Agreement or until he ceases to be an Employer within the meaning of this Agreement and Declaration of Trust as hereinafter provided.

SECTION 3. MODE OF PAYMENT. All contributions shall be payable to the NECA-IBEW Pension Trust Fund and shall be paid in the manner and form determined by the Trustees.

SECTION 4. DEFAULT IN PAYMENT. Non-payment by an Employer of any contributions when due shall not relieve any other Employer of his obligation to make payments. In addition to any other remedies to which the parties may be entitled, an Employer in default for ten working days may be required at the discretion of the Trustees to pay such reasonable rate of interest as the Trustees may fix on the monies due to the Trustees from the date when the payment was due to the date when payment is made, together with all expenses of collection incurred by the Trustees. The Trustees may take any action necessary to enforce payment of the contributions due hereunder, including, but not limited to, proceedings at law and in equity.

SECTION 5. REPORT ON CONTRIBUTIONS. The Employers shall make all reports on contributions required by the Trustees. The Trustees may at any time have an audit made by independent certified public accountants of the payroll and wage records of any Employer in connection with the said contributions and/or reports.

SECTION 2. EFFECTIVE DATE OF CONTRIBUTIONS. All contributions shall be made effective as required by the aforementioned Agreement, and shall continue to be paid as long as the Employer is obligated under said Agreement or until he ceases to be an Employer within the meaning of this Agreement and Declaration of Trust as hereinafter provided.

SECTION 3. MODE OF PAYMENT. All contributions shall be payable to the NECA-IBEW Pension Trust Fund and shall be paid in the manner and form determined by the Trustees.

SECTION 4. DEFAULT IN PAYMENT. Non-payment by an Employer of any contributions when due shall not relieve any other Employer of his obligation to make payments. In addition to any other remedies to which the parties may be entitled, an Employer in default for ten working days may be required at the discretion of the Trustees to pay such reasonable rate of interest as the Trustees may fix on the monies due to the Trustees from the date when the payment was due to the date when payment is made, together with all expenses of collection incurred by the Trustees. The Trustees may take any action necessary to enforce payment of the contributions due hereunder, including, but not limited to, proceedings at law and in equity.

SECTION 5. REPORT ON CONTRIBUTIONS. The Employers shall make all reports on contributions required by the Trustees. The Trustees may at any time have an audit made by independent certified public accountants of the payroll and wage records of any Employer in connection with the said contributions and/or reports.

there is a five year vesting for non bargaining as the law requires. Mr. Gruenberg suggested that the Trustees wait to see what these rules are going to be before making changes.

Mr. Gruenberg discussed the Domestic Relations Orders and the requirements of the Fund when such an order is received.

Mr. Gruenberg was requested to review the Trust in regard to the new IBEW mandate that excludes unindentured and first year apprentices from pension contributions. Mr. Gruenberg referred to the Trust Agreement and what the Trust Indenture states as far as participants. He stated the question he had been asked is there some discrimination as far as the Pension Fund if the employer does not make contributions on behalf of unindentured or first year apprentices. He stated there is no conflict in the Trust Agreement. He stated the collective bargaining agreement has to specify for whom contributions will be made.

    A motion was made, seconded and unanimously carried to accept the report of the attorney.

Recess 9:40 A.M.

Meeting called to order again at 9:47 A.M.

AUDITOR'S REPORT

Mr. Schrank distributed the Annual Audit Report for the year ended May 31, 1987 to the Trustees. He reviewed the report in detail with the Trustees.

    A motion was made, seconded and unanimously carried to accept the report of the auditor.

OTHER BUSINESS

There was discussion on having a written delinquency procedure. Mr. Gruenberg stated that if suit is instituted, the Fund or Union must have some instrument to back up its claim. He stated that would best be taken care of by amending the Plan to specifically provide for a provision that specifies that the Plan may recover from a delinquency certain penalties, audit fees, attorney fees, etc. Mr. Gruenberg suggested that the Trustees adopt a clause to put into the Plan. He stated the Trustees would need to determine the amount. He stated he would then draft the clause. Mr. Gruenberg suggested that there be a $50.00 penalty for failure to file timely report by 15th day of the month and a 20% penalty of the amount of the total monthly contribution due for each untimely contribution payment. Also, payment of all audit costs in order to ascertain correct amount, all costs of litigation, including attorney fees which shall not be less than one third of the judgment amount, all costs of collection, audit fees and delinquency penalties.

    A motion was made, seconded and carried to accept this suggested language.
    1 no vote

Mr. Black stated there had been some discussion on where we have our money invested. He stated if there is a problem with companies, we can instruct the money managers to sell that stock. Mr. Pair stated that the money managers will be appearing before the full Board of Trustees sometime in 1988. Mr. Black felt there needs to be a procedure before we tell them to sell.

# CAVANAGH & O'HARA
### Attorneys At Law

407 East Adams Street
P.O. Box 5043
Springfield, Illinois 62705
Telephone (217) 544-1771
Telefax (217) 544-9894

William K. Cavanagh
Michael W. O'Hara
Patrick J. O'Hara
James P. Moody
John T. Long
Britt W. Sowle
John A. Wolters

Of Counsel
Michael J. Masterson, P.C.

*Swansea Office*
1609 North Illinois Street
Swansea, Illinois 62226
Telephone (618) 222-5945
Telefax (618) 222-6755

*Chicago Office*
20 South Clark
Suite 3000
Chicago, Illinois 60603
Telephone (312) 629-3141
Telefax (312) 855-0445

August 29, 2007

**FINAL NOTICE**

*Via Certified & Regular Mail*
Payne Electrical Contractors, Inc.
6194 N 100 E
Hartford City, IN 47348

Re:   *NECA-IBEW Pension and Health & Welfare Trust Fund Delinquent Contributions*

Dear Sir/Madam:

As you know, we represent NECA-IBEW Pension and Health & Welfare Trust Funds. The administrators of the Fund have indicated that your company is delinquent in submitting contribution report forms and the applicable contributions for the months of January - July 2007 to the Pension Fund for Locals 305 and 855 and for the months of May - July 2007 to the Welfare Fund for Locals 855 and 873. Your company must submit a Monthly Payroll Report form even though you may not have any employees working during the reporting month.

Please remit your company's contribution report forms and applicable contributions to this office on or before **Monday, September 24, 2007**. This will be the last letter you receive prior to our office filing a Complaint in the U.S. District Court to collect the same. This may result in additional costs including assessment of our attorneys' fees in collecting the same.

Thank you in advance for your earliest attention to this matter.

Yours truly,

*SIGNATURE REDACTED*

John A. Wolters

JAW/pjr
cc: NECA-IBEW Pension and Health & Welfare Trust Fund/Tari Stower

F:\files\NECA-IBE\DELIQ\Payne Electrical Contractors\L-fnl.dmd.wpd



EXHIBIT D



# CAVANAGH & O'HARA
### Attorneys At Law

William K. Cavanagh
Michael W. O'Hara
Patrick J. O'Hara
James P. Moody
John T. Long
Britt W. Sowle
John A. Wolters

Of Counsel
Michael J. Masterson, P.C.

407 East Adams Street
P.O. Box 5043
Springfield, Illinois 62705
Telephone (217) 544-1771
Telefax (217) 544-9894

*Swansea Office*
1609 North Illinois Street
Swansea, Illinois 62226
Telephone (618) 222-5945
Telefax (618) 222-6755

*Chicago Office*
20 South Clark
Suite 3000
Chicago, Illinois 60603
Telephone (312) 629-3141
Telefax (312) 855-0445

August 29, 2007

***Via Certified & Regular Mail***
Payne Electrical Contractors, Inc.
6194 N 100 E
Hartford City, IN 47348

    ***Re:***   ***NECA-IBEW Pension and Health & Welfare Trust Fund Delinquent Contributions***

Dear Sir/Madam:

    As you know, we represent NECA-IBEW Pension and Health & Welfare Trust Funds. The administrators of the Fund have indicated that your company is delinquent in submitting contribution report forms and the applicable contributions for the months of January - July 2007 to the Pension Fund for Locals 305 and 855 and for the months of May - July 2007 to the Welfare Fund for Locals 855 and 873. Your company must submit a Monthly Payroll Report form even though you may not have any employees working during the reporting month.

    Please remit your company's contribution report forms and applicable contributions to this office on or before **Saturday, September 8, 2007**. Should you fail to remit the necessary documentation, or otherwise contact our office, we will have no alternative but to file formal legal proceedings to collect the same. This may result in additional costs including assessment of our attorneys' fees in collecting the same.

    Thank you in advance for your earliest attention to this matter.

Yours truly,

**SIGNATURE REDACTED**

John A. Wolters

JAW/jlv
cc: NECA-IBEW Pension and Health & Welfare Trust Fund/Tari Stower

F:\files\NECA-IBE\DELIQ\Payne Electrical Contractors\L-Demand.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| NECA-IBEW WELFARE TRUST FUND and, <br> NECA-IBEW PENSION TRUST FUND, <br><br> Plaintiffs, <br><br> vs. <br><br> PAYNE ELECTRICAL CONTRACTORS, INC. <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br><br><br><br><br> No. |

### AFFIDAVIT IN SUPPORT OF ATTORNEY'S FEES

I, JOHN A. WOLTERS, having first been duly sworn on oath, state that the following itemization accurately represents the time and costs expended by this office in this cause:

| DATE | DESCRIPTION | HOURS |
|---|---|---|
| 08/29/07 | Received and reviewed email from Fund Office; letter to Payne demanding report forms and payment via certified and regular mail; calendar response; update Status Report; open file. | .95 |
| 09/11/07 | Preparation of Final Notice via certified and regular mail; calendar response; update Status Report. | .75 |
| 09/20/07 | Received and reviewed certified mail card returned executed. | .10 |
| 09/27/07 | Peparation of Complaint, Civil Cover Sheet; Certificate of Interest and Summons; assemble exhibits. | 1.50 |
| | Preparation of Affidavit in Support of Attorney Fees. | .50 |
| | Telephone conference with Blackford County Sheriff's Department regarding service fee. | .10 |
| | Final review of Complaint with exhibits, Civil Cover Sheet, Certificate of Interest, Summons. | .40 |
| | Revise and finalize Complaint, Summons, Certificate of Interest, Civil Cover Sheet; assembly of full Complaint with exhibits; Email to U.S. District Court for opening of new case. | 1.00 |

EXHIBIT E

|  | TOTAL HOURS 4.9 X $100.00 PER HOUR | $490.00 |
|---|---|---|
|  | TOTAL HOURS 0.4 X $195.00 PER HOUR | 78.00 |
| 08/29/07 | Postage - certified mail. | $5.21 |
| 09/11/07 | Postage - certified mail. | $5.21 |
|  | U.S. District Court - Filing Fee | 350.00 |
|  | Blackford County Sheriff's Department - Service Fee | 40.00 |
|  | **TOTAL FEES AND COSTS** | **$968.42** |

FURTHER THIS AFFIANT SAYETH NAUGHT.

                s/ John A. Wolters
                JOHN A. WOLTERS
                **CAVANAGH & O'HARA**
                407 East Adams
                P. O. Box 5043
                Springfield, IL 62705
                Telephone: (217) 544-1771
                Facsimile: (217) 544-5236
                johnwolters@cavanagh-ohara.com

SUBSCRIBED and SWORN to before me on this 27th day of September 2007.

_____
Notary Public    **SIGNATURE REDACTED**

"OFFICIAL SEAL"
PATRICIA J. ROBINSON
Notary Public, State of Illinois
My Commission Expires Feb. 16, 2010

F:\files\NECA-IBE\DELIQ\Payne Electrical Contractors\A-Fee.wpd

Page 2