IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| NECA-IBEW WELFARE TRUST FUND and, ) | |
| NECA-IBEW PENSION TRUST FUND, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Nos. 07-2175 |
| ) | |
| PAYNE ELECTRICAL CONTRACTORS, INC. ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO RELEASE CASH BOND AND PLAINTIFF'S MOTION TO TURN OVER ASSETS**

NOW COMES the Plaintiffs NECA-IBEW WELFARE TRUST FUND and NECA-IBEW PENSION TRUST FUND, by and through its attorneys, Cavanagh & O'Hara, and for its Response to Defendant's Motion to Release the Cash Bond states as follows.

1. Defendant has filed a Motion to Release a cash bond of $3,000. Defendant has filed its Motion under Case No.07-2175. However, the cash bond was required pursuant to a citation proceeding in Case No. 06-2139. Therefore, Plaintiff objects to the Motion because no cash bond was provided under Case No. 07-2175 and therefore Defendant's Motion has no basis in law.

2. Plaintiffs further contends that, under Fed.R.Civ.P. 69, applicable State law at 735 ILCS 5/2-1402, and Illinois Supreme Court Rule 277, they have a right to the cash bond.

3. Fed.R.Civ.P. 69(a) provides for "proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held . . ."

4. Under 735 ILCS 5/2-1402, "the judgment or balance due becomes a lien when a citation is served in accordance with subsection (a) of this Section. The lien binds nonexempt personal property, including money . . . as follows" (1) when the citation is directed against the judgment debtor, upon all personal property belonging to the judgment debtor in the possession or control of the judgment debtor or which may thereafter be acquired or come due to the judgment debtor . ." 735 ILCS 5/2-1402(m).

5. Pursuant to 735 ILCS 5/2-1402(c)(3), this Court has the power to compel any person cited to deliver up any assets so discovered.

6. Defendant has not contested that the citation served on Payne Electrical Contractors, Inc. was not in accordance with 735 ILCS 5/2-1402(a) nor has Defendant argued that the cash bond now held by the District Court is exempt from a citation proceeding (See 735 ILCS 5/2-1402(b)(5).

7. Therefore, Plaintiffs now move for this Court to turn over said assets, now being held by the Court as a cash bond, to the Plaintiffs to be applied to the judgment entered by this Court on November 3, 2006 in the amount of $33,434.82.

WHEREFORE Plaintiffs respectfully request the Court to deny Defendant's Motion and move for the turn over of said assets to the Plaintiffs now held as a cash bond to satisfy, in part, the judgment against Defendant and in favor of the Plaintiffs.

NECA-IBEW WELFARE TRUST FUND and NECA-IBEW PENSION TRUST FUND, Plaintiffs,

By:    s/ John A. Wolters
      JOHN A. WOLTERS
      **CAVANAGH & O'HARA**
      407 East Adams
      P. O. Box 5043
      Springfield, IL 62705
      Telephone: (217) 544-1771
      Facsimile: (217) 544-5236
      johnwolters@cavanagh-ohara.com

## PROOF OF SERVICE

The undersigned hereby certifies that a copy of the foregoing instrument was served upon each of the addressees hereinafter set forth by facsimile and by enclosing the same in an envelope plainly addressed to each of said addressees affixing first-class postage thereto and depositing the same with the United States Mail at Springfield, Illinois on the 14st day of February 2008:

>Amy M. Payne, President
>Payne Electrical Contractors, Inc.
>6194 N 100 E
>Hartford City, IN 47348

and that the original was filed with the Clerk of the Court in which said cause is pending.

>By:   s/ John A. Wolters
>JOHN A. WOLTERS
>**CAVANAGH & O'HARA**
>407 East Adams
>P. O. Box 5043
>Springfield, IL  62705
>Telephone:  (217) 544-1771
>Facsimile:  (217) 544-5236
>johnwolters@cavanagh-ohara.com